THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ADVANCE PRODUCTS & SYSTEMS, INC., PLAINTIFF | * * * | CIVIL ACTION NUMBER: |
| | * | JUDGE: |
| versus | * * | MAGISTRATE JUDGE: |
| CCI PIPING SYSTEMS, L.L.C., D/B/A CCI PIPELINE SYSTEMS, DEFENDANT | * * * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR PATENT INFRINGEMENT, INJUNCTION AND DAMAGES

NOW INTO COURT, through undersigned counsel, comes ADVANCE PRODUCTS & SYSTEMS, INC, ("APS"), Plaintiff herein, and for its Complaint against defendant CCI PIPING SYSTEMS, L.L.C., d/b/a CCI PIPELINE SYSTEMS ("CCI"), respectfully represents as follows:

### NATURE OF THE CASE AND THE PARTIES

1.

APS is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,736,166 (THE '166 PATENT); a copy of the patent is attached as Exhibit 1.  APS seeks injunctive relief, damages including the trebling thereof, and recovery of costs arising from CCI's acts of willful infringement of APS's patent rights under the laws of the United States, including but not limited to 35 U.S.C. §§ 271, 283, 284, and 285.

2.

Made Defendant herein is CCI PIPING SYSTEMS, L.L.C., d/b/a CCI PIPELINE SYSTEMS ("CCI").

**JURISDICTION**

3.

Subject matter jurisdiction of this Honorable Court arises under 28 USC § 1338(a), conferring original and exclusive jurisdiction to the district courts in cases arising under the Patent Laws of the United States of America, 35 USC § 1 et. seq.

**GENERAL ALLEGATIONS**

4.

CCI is presently, has been, and will unless enjoined, continue infringing, directly or indirectly, one or more claims of APS's '166 Patent by continuing to make, use, offer to sell and/or sell casing spacers and/or practice methods of use of same, embodying the patented invention; are presently inducing and will unless enjoined continue to induce others to make, use, offer to sell and sell such products and/or practice methods of use of same, and/or have otherwise contributed to others' infringement of one or more of the claims of the '166 Patent, such actions occurring in this judicial district and constituting infringement of one or more of the claims of the '166 Patent, such acts being in violation of said Patent Laws of the United States, including but not necessarily limited to 35 USC §271.

5.

APS contacted CCI by registered mail dated February 24, 2012, received by CCI on February 27, 2012, demanding that CCI cease its infringing activities.

6.

APS has met, through counsel, with representatives of CCI on this matter and corresponded concerning the infringement on several occasions, but no resolution has been reached, thus requiring APS to bring this suit.

7.

CCI's acts of infringement have been without APS's permission or license.   On information and belief, CCI has committed its acts of infringement with full knowledge of the existence of the '166 Patent and APS's rights with respect thereto, and such acts of infringement have been willful and deliberate thereby rendering this case exceptional within the meaning of the United States Patent laws.

**Monetary and Injunctive Relief**

8.

As a result of said infringement, APS has suffered and will continue to suffer damages in amounts yet to be determined, and is therefore entitled to damages, interest and costs, as well as suffering irreparable harm entitling APS to injunctive relief against future infringement, all under the Patent Laws of the United States, including but not limited to 35 USC §§ 283, 284.

9.

Pursuant to 35 USC § 284, APS is entitled to recover treble damages because CCI's infringing acts are willful as set forth in the Prayer for Relief.

10.

Pursuant to 35 USC § 285, APS is entitled to recover its attorneys' fees because this case is exceptional as set forth in the Prayer for Relief.

**JURY DEMAND**

11.

APS demands trial by Jury on all issues so triable.

3357513.1

## PRAYER FOR RELIEF

WHEREFORE, APS prays that after due proceedings are had there be Judgment in favor of Plaintiff, ADVANCE PRODUCTS & SYSTEMS, INC. and against Defendant, CCI PIPING SYSTEMS, L.L.C., D/B/A CCI PIPELINE SYSTEMS, granting the following relief:

1.      Preliminarily and permanently enjoining CCI and its owners, shareholders, directors, officers, agents, servants, employees, legal representatives, affiliates, successors and assigns and all those acting on their behalf or in concert with any of them from engaging in acts of infringement of the '166 Patent, pursuant to 35 USC § 283;

2.      Awarding APS damages adequate to compensate for CCI's infringement of the '166 Patent, together with interest and costs pursuant to 35 USC §284, and that such award be trebled pursuant to 35 USC §284;

3.      Entering an order declaring this an exceptional case pursuant to 35 USC §285 and awarding APS its attorneys' fees, costs, and expenses; and

4.      Granting to APS such other and further relief as may be just and appropriate.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

THE ONEBANE LAW FIRM


/s/ Gregory R. Mier_____
EDWARD C. ABELL, JR. (#2284)
GREGORY R. MIER (#24561)
1200 Camellia Blvd., Suite 300
Post Office Box 3507
Lafayette, LA  70502-3507
Telephone:  (337) 237-2660
Fax:  (337) 266-1232

Attorneys for Plaintiff,
Advance Products & Systems, Inc.