UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ADVANCE PRODUCTS & SYSTEMS INC | : | DOCKET NO.  2:14-cv-02456 |
| VS. | : | JUDGE MINALDI |
| C C I PIPING SYSTEMS L L C | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the Court is a Motion for Intra-District Transfer of Venue filed by the defendant, CCI Piping Systems, LLC (hereinafter "CCI" or "defendant").  The motion is opposed by the plaintiff, Advance Products & Systems, Inc. (hereinafter "APS" or "plaintiff").  For the reasons set forth below, CCI's motion is hereby **DENIED**.

I.
FACTS & PROCEDURAL HISTORY

Both APS and CCI are engaged in the business of manufacturing and selling casing spacers in Lafayette, Louisiana. Doc. 18, p. 1.  This is a patent infringement case brought by APS against CCI on August 8, 2014, seeking monetary damages. The claims are matters of federal law and were therefore brought in this court, the Lake Charles Division of the Western District of Louisiana. *See* Doc. 1. CCI filed the instant motion on September 19, 2014 therein requesting that this case be transferred to the Lafayette Division of the Western District of Louisiana pursuant to the venue provisions of 28 USC §1404(a) and (b).

## II.
## LAW & ANALYSIS

Federal district courts may transfer civil actions between districts or divisions at their discretion so long as it is "[f]or the convenience of the parties and witnesses [and] in the interest of justice[.]" 28 USC §1404(a). Accordingly, "[t]he §1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citing 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.21[2], at 111–154 to 111–155 (3d ed. 2013)); See also *Weber v. Coney,* 642 F.2d 91, 93 (5th Cir. 1981) (*per curiam*)).

A motion to transfer venue under §1404(a) should be granted if the movant demonstrates that there is "good cause" to do so. *Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.3d 53, 56 (5th Cir. 1963). "Good cause" requires the moving party to show that the transferee court is clearly more convenient than the plaintiff's original choice under the general venue statute. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Because plaintiffs generally have the privilege of filing their claims in any judicial division appropriate under the general venue statute, if the plaintiff complies with the that statute and the suggested transferee court is not clearly more convenient then, "the plaintiff's [initial] choice should be respected…" *Id.* at 313, 315.

Following the United States Supreme Court's approach in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), the Fifth Circuit determines whether a transferee court is "clearly more convenient" by weighing several public and private interest factors. *Radmax*, 720 F.3d at 288 (citing *Volkswagen II,* 545 F.3d at 315). These so called "*Gilbert*" factors may include:

> (1)   the relative ease of access to sources of proof;
> (2)   the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses;

  (4) all other practical problems that make trial of a case easy, expeditious and inexpensive;

  (5)  the administrative difficulties flowing from court congestion;

  (6) the local interest in having localized interests decided at home;

  (7) the familiarity of the forum with the law that will govern the case; and

  (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* (internal quotations omitted).

  Courts in the Western District have considered this §1404(a) analysis. See *Heerema Eng'g Servs., B.V. v. Transocean, Inc.*, 2008 WL 1766976 (W.D. La. Apr. 14, 2008); *Basco v. Spiegel*, 2008 WL 4490301 (W.D. La. Sept. 30, 2008); *Ron Williams Const. Inc. v. Lide Indus., LLC*, 2011 WL 6817889 (W.D. La. Dec. 27, 2011); *Stewart v. Capital Safety USA*, 2014 WL 691608 (W.D. La. Feb. 21, 2014).  We recognize the broad discretion we have in permitting or denying transfers of venue. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). *Fincher v. Kansas City S. Ry. Co.*, 2009 WL 275391 (W.D. La. Feb. 4, 2009). Nonetheless, we equally recognize that the plaintiff's choice of forum deserves substantial weight. *Ron Williams Const. Inc.*, 2011 WL 6817889, at *2 (W.D. La. Dec. 27, 2011) (citing *Coons v. American Horse Show Assoc.,* 533 F.Supp. 398, 400 (S.D.Tex.1982)).  While the Fifth Circuit recently suggested that lesser deference may be owed to a plaintiff in *intra*-district transfers, the court chose not to announce a separate standard for such cases. *Radmax*, 720 F.3d at 289.  Thus we are bound to apply the analysis as we always have.

  Accordingly, we agree with Advance Products find that the instant motion should be denied.  When applying the *Gilbert* factors we accept CCI's contentions that the products whose patents have allegedly been infringed are situated primarily in Lafayette [doc. 9, att. 1, p. 4]; both parties manufacture their products in Lafayette [doc. 18, p. 1]; all of its business and marketing

decisions are made in Lafayette, all of its manufacturing occurs in Lafayette, and all of its products ship from Lafayette; both entities are registered in Lafayette [doc. 18, p. 4]; the majority of their employees and customers live and work in the Lafayette area; the respective presidents of both APS and CCI are domiciled in Lafayette [doc. 18, p. 1]; the lead attorneys for both parties have their offices in Lafayette; the five potential witnesses brought to our attention all live within ten to twenty miles of Lafayette as opposed to over seventy miles from Lake Charles [doc. 9, att. 1, p. 4-5. Nevertheless and in the words of defendant, Lafayette is "approximately one hour down Interstate 10" from Lake Charles, a distance that could hardly be considered unreasonable or burdensome. Doc. 15, p. 17. The fact that this matter is pending in Lake Charles creates no burden insofar as discovery, electronic filing, or depositions are concerned. We make no comment as to whether trying this case in Lafayette would lead to any congestion or other administrative difficulty within that court as we consider it a non-issue. We do not find a single factor to weigh heavily in favor of disturbing the plaintiff's choice of venue.

### III. CONCLUSION

For the reasons noted above, CCI's Motion for Intra-District Transfer of Venue is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers this 3rd day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE