UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ADVANCE PRODUCTS & SYSTEMS, INC.** | **CIVIL ACTION NO. 2:14-CV-2456** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CCI PIPING SYSTEMS, L.L.C. D/B/A CCI PIPELINE SYSTEMS** | **MAG. JUDGE KATHLEEN KAY** |

## RULING

Before the Court is the Rule 12(c) Motion for Partial Judgment on the Pleadings filed by Plaintiff/Counter-Defendant Advance Products & Systems, Inc. ("APS"). [Doc. No. 47]. APS seeks dismissal of count four of Defendant/Counter-Plaintiff CCI Piping Systems, LLC d/b/a CCI Pipeline Systems' ("CCI") counterclaim, which alleges a violation of the Louisiana Unfair Trade Practices Act ("LUTPA"). CCI filed a memorandum in opposition [Doc. No. 49], and APS filed a reply thereto. [Doc. No. 50]. For the following reasons, CCI's LUTPA claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and the motion is DENIED AS MOOT.

**I.      FACTS & PROCEDURAL HISTORY**

APS brings this patent infringement suit against CCI relating to a "casing spacer," Patent No. 6,736,166 (the "'166 Patent"), seeking injunctive and monetary relief. [Doc. No. 1, pp. 1-2, ¶¶ 1, 4]. CCI filed an answer and counterclaim, wherein it seeks declaratory relief and brings claims against APS for violations of LUTPA and breach of contract. [Doc. No. 10, p. 6, ¶ 1]. In support of its LUTPA claim, CCI alleges that APS knowingly and willfully misrepresented facts to the United States Patent and Trademark Office, and as a result, deceptively procured the '166

Patent and that APS now seeks to enforce the patent against CCI despite knowing the patent is unenforceable. [Doc. No. 10. at p. 14,¶¶ 36-37].

APS filed the instant Motion for Partial Judgment on the Pleadings, claiming that CCI's allegations, taken as true, do not support a finding of a LUTPA violation. [Doc. No. 47]. CCI opposes the motion, claiming it has pleaded sufficient facts and damages to support a LUTPA claim. [Doc. No. 49, pp. 1-2].

## II.   LAW & ANALYSIS

### A.   Standard of Review

The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to a legal remedy. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). When considering a Rule 12(c) motion, the Court must construe the allegations in the complaint in the light most favorable to the non-moving party, but conclusory allegations and unwarranted deductions of fact are not accepted as true. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

### B.   Analysis

APS moves for judgment on the pleadings as to CCI's LUTPA counterclaim claiming: (1) that APS's efforts to enforce its patent against CCI in litigation are not actionable under LUTPA;

2

and (2) that CCI's only alleged losses are attorneys' fees and costs, which are only recoverable under LUTPA as ancillary remedies in the event that a plaintiff proves independent damages. [Doc. No. 47].

>Under LUTPA,
>
> [a]ny person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

LA. REV. STAT. 51:1409(A). Louisiana Revised Statute 51:1405 makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." To establish a LUTPA claim, "a plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.'" *Quality Envtl. Processes, Inc. v. I.P. Petroleum Co., Inc*., 2013-1582, p. 21 (La. 5/7/14); 144 So.3d 1011, 1025 (quoting *Cheramie Servs, Inc. v. Shell Deepwater Prod*., 2009-1633, p. 11 (La. 4/23/10); 35 So.3d 1053, 1059). However, LUTPA prohibits only fraud, misrepresentation, and similar conduct, not mere negligence. *Id.* What constitutes an unfair practice is determined by the courts on a case-by-case basis. *Cheramie*, 2009-1633, p. 11; 35 So.3d at 1059.

### 1. Unfair or Deceptive Acts or Practices Under LUTPA

APS claims that CCI's LUTPA counterclaim is based on APS's efforts to enforce its patent in litigation and that such efforts are not actionable under LUTPA. [Doc. No. 47-1, p. 6]. In response, CCI argues that it alleged sufficient facts to bring a LUTPA claim by alleging that APS knowingly procured an invalid patent through misrepresentations on the patent application

and has brought claims for patent infringement knowing that its patent is invalid and unenforceable. [Doc. No. 49, p. 4]. CCI claims such actions are for the purpose of eliminating competition. [Doc. No. 49, p. 5].

In its counterclaim, CCI alleges:

> [a]t the time APS filed its '166 Patent, APS had knowledge of the product's prior use in the industry; APS failed to disclose the known inaccuracies of its patent's stipulations, and, upon information and belief, APS knowingly and willfully misrepresented facts to the Patent Office. As such, APS deceptively procured its '166 Patent.

[Doc. No. 10, p. 14, ¶ 36]. Taking these allegations as true, the Court finds that misrepresenting information in an application to obtain a patent on a product in commerce is an unfair and deceptive act to oppress competition that offends established public policy. Accordingly, CCI has alleged facts sufficient to support a LUTPA claim, and the Court will not grant APS's Motion for Partial Judgment on the Pleadings on this theory.

### 2. Ascertainable Loss of Money or Movable Property

APS claims that CCI only alleges damages of attorneys' fees and costs which are only ancillary remedies for a LUTPA claim once a plaintiff proves independent damages. [Doc. No. 47-1, p. 7]. CCI claims that it alleged damages related to its breach of contract counterclaim and "its loss and injury due to APS's unfair trade practices." [Doc. No. 49, p. 5]. Relating to the alleged damages suffered as a result of APS's alleged breach of contract, CCI claims these losses are recoverable under LUTPA, citing *Andretti Sports Marketing Louisiana, LLC v. Nola Motorsports Host Committee, Inc.* [Doc. No. 49, p. 5] (citing 147 F. Supp. 3d 537 (E.D. La. 2015)).

The attorney fees and costs cited as damages by CCI are not those that result from its

LUTPA claim. Rather, they refer to the costs incurred as a result of APS's action for patent infringement. If CCI loses money in defending itself against APS's patent infringement claims, such loss could be an ascertainable loss of money as a result of APS's alleged violation of LUTPA in obtaining the underlying patent. However, the outcome of the suit is not yet determined, and thus, CCI's alleged damages are not yet ascertainable. Considering the uncertainty as to whether CCI will have suffered monetary loss after the disposition of the patent infringement claim, the Court must consider whether CCI has standing to bring its LUTPA claim.

The jurisdiction of federal courts is limited to "cases" and "controversies" that are "amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (citing *Muskrat v. United States*, 219 U.S. 346, 356-57 (1911)). For a case to be justiciable, the party bringing the case must have standing. *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Standing requires that the plaintiff have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)). "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id*. (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). An imminent injury must be "certainly impending" and "allegations of possible future injury are not

sufficient." *Whitmore*, 495 U.S. at 158 (citing *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979)). The Court must dismiss a claim if at any time it determines that it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

In the instant case, to have suffered an injury under LUTPA, CCI must show that it suffers an ascertainable loss of money or movable property. CCI has not done this. Although CCI is likely already incurring attorney fees and costs to defend against APS's patent infringement suit, if CCI prevails in the patent infringement claim it will recoup costs and interest and possibly attorney fees. *See* 35 U.S.C. §§ 284, 285. Under this hypothetical, CCI's claims for compensatory damages related to its LUTPA claim could be zero dollars and, therefore, there would be no ascertainable loss of money or movable property to support a LUTPA claim, as pleaded by CCI. Because the outcome of APS's patent infringement claim is not yet determined, CCI's injury is conjectural and hypothetical, not actual or imminent. *See Spokeo*, 136 S. Ct. at 1548. Accordingly, as CCI has not alleged an injury in fact relating to its LUTPA claim sufficient to show standing, the Court will dismiss this claim without prejudice for lack of subject matter jurisdiction.

**III.    CONCLUSION**

For the foregoing reasons, CCI's LUTPA claim is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction, and APS's Motion for Partial Judgment on the Pleadings [Doc. No. 47] is DENIED AS MOOT.

MONROE, LOUISIANA, this 24th day of January, 2018.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE